IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAIME CHAVEZ, #220 668, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-454-MHT |
| ) | [WO] |
| OFFICER ANTHONY PARKER, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed the captioned action on June 27, 2019. Although Plaintiff submitted a signed and dated form § 1983 complaint, the form was devoid of any information other than the name of the defendant, the date of the alleged offense, and the institution where the offense occurred. Doc. 1 at 1–4. Plaintiff did, however, attach to the form complaint a typewritten attachment wherein he details the factual allegations and claims against the named defendant. Doc. 1 at 5–9. The attachment, however, was neither signed nor dated even though the document contained a line for Plaintiff's signature and a date line and included an affirmation statement underneath the signature and date lines affirming that Plaintiff's statements as set forth in the attachment were sworn under penalty of perjury. Doc. 1 at 9.

As a result of the deficiency contained within the operative complaint, the court entered an order June 28, 2019, directing the Clerk to return the signature page of the attachment to the complaint to Plaintiff. The order then directed Plaintiff to sign the signature page of the attachment being returned to him and to refile that page with the court by July 12, 2019. The June 28 order cautioned Plaintiff that his failure to comply with the directives of the order would result in a Recommendation that his complaint be dismissed without prejudice. Doc. 3.

The requisite time has passed and Plaintiff has not complied with the orders of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the orders of the court and to prosecute this action. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that **on or before November 12, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 28th day of October 2019.

   /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE